IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

      v.

**ANTONIO L. SIBLEY,**

      **Defendant.**

      Case No. 2:14-cr-196
      JUDGE GREGORY L. FROST

## ORDER

On March 6, 2015, this matter came before the Court for an in-court hearing on all pending motions. During the course of that hearing, the Court entertained oral argument, received testimony from the parties' experts, and by agreement of the parties held ex parte discussions with counsel concerning the parties' anticipated theories of their cases. The Court then took the motions under advisement. As a result of these proceedings, the Court issues the following orders on the pending motions:

**(1) Motion *in limine* (ECF No. 33).** The Court **GRANTS** Defendant's unopposed request to extend the deadline for filing a response brief to coincide with the 14-day deadline set forth in Federal Rule of Evidence 412. Consequently, the Court holds the motion *in limine* in abeyance until briefing on the motion has closed.

**(2) Motion to compel access to telephonic/computer evidence (ECF No. 35).** The Court **GRANTS IN PART** and **DENIES IN PART** this motion. Having heard Defendant's theory of his defense, the Court concludes that Defendant has offered sufficient good cause to obtain information contained on the telephones held by the United States in order to support that

defense.  Given the presence of contraband on one of the telephones and given the United States' ability to conduct the same procedures for extracting information that Defendant's expert would employ, the Court declines to order the United States to turn the telephones over to Defendant's expert.  Instead, beginning no later than March 11, 2015, the United States shall employ any and all procedures and processes necessary as discussed during the hearing to obtain all information from both telephones.  Defendant's expert may be present and observe the work.  The United States shall promptly prepare a full report on all of the information on the telephones and submit that report to Defendant.

(3) **Motion to compel videos (ECF No. 36).**  The Court **DENIES** this motion.  It appears that the United States has already provided or agreed to provide Defendant with the information sought in the motion.  To the extent that any such discovery discussed during the hearing and involved in this motion remains outstanding, the United States shall promptly supplement its disclosures no later than March 13, 2015.

(4) **Motion to quash subpoena served on Summit County Children Services (ECF No. 38).**  The Court **GRANTS IN PART** and **DENIES IN PART** this motion.  This Court has received ex parte communications concerning the nature of Defendant's theory of his defense and has conducted an *in camera* review of the Summit County Children Services material.  Because the Court concludes that portions of the material sought are relevant to the pending action, that Defendant has established good cause for disclosure based on his due process rights, and that the need for this material outweighs the qualified confidentiality considerations set forth in Ohio Revised Code § 5153.17, Ohio Revised Code § 2151.421(H), and the relevant implementing administrative code provisions, the Court orders the limited disclosure of portions

2

of the material sought. *See Hupp v. Switzerland of Ohio Local Sch. Dist.*, No. 2:07-CV-628, 2008 WL 2323783, at *2-3 (S.D. Ohio June 3, 2008). The Court has marked the material to be provided and will identify this material to the parties.

**(5) Motion to quash or modify subpoenas served on the Summit County entities (ECF No. 40).** The Court **GRANTS IN PART** and **DENIES IN PART** this motion. Much of the material sought has been disclosed, such as the information sought from the Clerk fo Court. The Court has conducted an *in camera* review of the material provided to the Court by counsel for the probation department, the Clerk's office, and the detention center. In light of the arguments and *ex parte* representations made to the Court at the hearing and in consideration of Defendant's due process rights, this Court finds that Defendant has presented good cause sufficient to outweigh the qualified confidentiality concerns involved so that Defendant can obtain portions of the material sought. *See Grantz v. Discovery for Youth*, Nos. CA2004-09-216 & CA2004-09-217, 2005 WL 406211, at *3-4 (Ohio App. 12th Dist. Feb. 22, 2005). The Court has marked the material to be provided and will identify this material to the parties.

**(6) Motion to preserve agent's notes (ECF No. 14) and motion for discovery (ECF No. 15).** Although these motions were not discussed explicitly at the March 6, 2015 hearing, it appears to the Court based on the hearing discussions that this essentially perfunctory motions are moot. The Clerk shall therefore terminated them as moot on the docket. To the extent that the United States disagrees with anything in the motions or finds that its disclosures and the hearing discussions have left unresolved any aspect of these motions, counsel should contact this Court immediately for a discovery telephone conference.

The Court recognizes that this Order is fairly vague as to its findings of good cause and

the information ordered disclosed to Defendant.  Such vagueness is necessary to preserve the confidential content of the findings and identified material to be disclosed.  The sealed hearing transcript indicates the basis for the Court's good cause findings, and the parties' discussions of material already voluntarily disclosed, their discussions of material that will be voluntarily disclosed, and this Court's identification of material to be disclosed pursuant to this Order define the information available to Defendant.

As agreed to at the hearing, the parties will confer and develop a sufficient protective order to ensure that all material remains protected as outlined at the hearing.  If the parties are unable to agree on a protective order, if they are in need of the assistance of the Court in developing sufficient protective order language, or if they seek clarification on what material is to be disclosed, the parties should contact this Court immediately for a status conference.

**IT IS SO ORDERED.**

    /s/   Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE