IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

ANTONIO L. SIBLEY,

    Defendant.

Case No. 2:14-cr-196
Judge Gregory L. Frost

## ORDER

This matter came on for consideration upon the Defendant's Objection to Court Order and Motion for Reconsideration (ECF No. 47) filed on March 12, 2015.

The Court finds Defendant's Motion to be not well taken, and the Court **DENIES** the same.

There are two telephones at issue in this matter. One telephone was recovered in Columbus, Ohio and has been referred to as the "Columbus telephone." The other telephone was recovered in Akron, Ohio and has been referred to as the "Akron telephone." The Court will use those same designations for the sake of simplicity in this Order.

Both telephones have been initially examined by the Government, and a report has been provided to Defendant regarding the findings of the examinations. The Columbus telephone was found to have contraband in the form of child pornography on it, and the contraband has been maintained in the custody of the Government, but counsel for Defendant have been given access to view the contraband. Although no contraband was found on the Akron telephone, Defendant explained *ex parte* at the discovery hearing held on March 6, 2015, that he has no reason to

1

believe that there may be deleted contraband on the Akron telephone and that the contraband as well as other deleted information contained on both telephones may assist Defendant.

Based upon the concerns of Defendant, this Court ordered a more extensive examination of both telephones. The likely method to be used is referred to by the experts as a "chip-off" examination. Both experts testified that there is a slim possibility that the information may be destroyed when conducting the "chip-off" examination, but without the examination it could not be fully determined whether deleted information on either telephone could be identified or recovered.

Both experts are qualified and trained to perform the "chip-off" procedure. But because there may be contraband contained in the deleted materials on both phones, the Court has required the Government's expert to perform the "chip-off" procedure at the Government's facility and keep the telephones in the Government's custody. Defendant's expert has been given the opportunity to be present when the examination is performed.

The procedure established by this Court strikes a balance between 18 U.S.C. §3509(m) and Defendant's due process rights. Further, the Court will permit examination of any data retrieved by the "chip-off" procedure and Defendant may be permitted to examine that data at Defendant's own laboratory so long as any contraband that is found is retained in the custody of the Government.

This Court is perplexed by Defendant's request. Defendant's expert may be present during the Court-ordered examination. A report of the findings from the examination have been ordered to be made available to Defendant. If no contraband is found in the deleted material, Defendant may apply to the Court for a further examination of that material. Any contraband

2

found in the deleted material will be held by the Government and made available to Defendant for inspection. This procedure will make any evidence found "reasonably available" to Defendant and provides Defendant with "ample opportunity for inspection, viewing, and examination."

Defendant's Motion is **DENIED**.

**IT IS SO ORDERED.**

                                               **/s/   Gregory L. Frost**
                                               Gregory L. Frost
                                               United States District Judge