**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**UNITED STATES OF AMERICA,**

   **Plaintiff,**

            **Case No. 2:14-cr-196**

  **v.**          **JUDGE GREGORY L. FROST**

**ANTONIO L. SIBLEY,**

   **Defendant.**

**<u>ORDER</u>**

   This matter is before the Court for consideration of the United States' April 24, 2015 motion *in limine* (ECF No.58) and Defendant's memorandum in opposition (ECF No. 70).  The Court **DENIES** the motion.

   In its April 24, 2015 motion *in limine*, the United States seeks a preliminary ruling on the admissibility of statements that D.T. made to a social worker.  (ECF No. 58.)  The motion also raises the issues of the admissibility of a report prepared by the social worker.  The United States' argument is that, because the report was made for diagnosis and treatment purposes, the content is admissible under Federal Rule of Evidence 803(4) as a statement that was made for medical diagnosis or treatment and that describes medical history, symptoms, or causation.

   At the May 1, 2015 oral argument, Defendant's counsel requested and this Court grant additional time for counsel to review a full copy of the report.  The Court therefore held the motion *in limine* in abeyance and directed Defendant's counsel to submit any additional memorandum on the relevant issues on or before May 5, 2015.  In his subsequent memorandum,

1

Defendant argues that the report statements do not fall into the Rule 803(4) hearsay exception, but are instead testimonial and inadmissible unless D.T. testifies at trial.

This Court begins with the Sixth Circuit's holding that "Rule 803(4) covers statements made to a psychotherapist for purposes of medical diagnosis or treatment, even though the therapist is not a physician or nurse." *United States v. Kappell*, 418 F.3d 550, 556 (6th Cir. 2005). This means that statements set forth in the social worker's report are potentially within the ambit of Rule 803(4). The Sixth Circuit has explained, however, that "[t]he critical inquiry under Rule 803(4) in [such cases] is whether [the interviewer] undertook her interviews for the primary purpose of medical diagnosis, rather than for some other purpose." *Id.* Thus, even dual or mixed purposes are acceptable provided the *primary* purpose satisfies Rule 803(4).

Here, this Court cannot at this time say what the primary purpose of the interview was. The United States reasons in its briefing that "[a]t the beginning of the interview, [the social worker] informed Jane Doe #1 that it was important to tell and that [the social worker] would be talking to a nurse after the interview. It is thus clear that the purpose of the interview was for the purpose of medical diagnosis and treatment." (ECF No. 58, at Page ID # 380-81.) But this Spartan analytic chain is missing requisite links.

In *Kappell*, the psychotherapist and social worker who conducted the interview at issue in that case testified in a hearing before the district judge that (1) she was hired to evaluate two children's mental health and provide a diagnosis, (2) she conducted her interviews for that diagnostic purpose , (3) she diagnosed both children, and (4) she told the children to tell the truth so that they could get help for what they divulged. 418 F.3d at 557. In contrast, in the case *sub judice* the undersigned has only the report itself and the summary assertions of the parties to

guide a preliminary decision. That report indicates that the social worker "introduced [herself] and explained [her] role" to D.T., and then told D.T. that she would "get a check up with the doctor after we were done talking." (ECF No. 58-1, at Page ID # 385.) Such general statements stand in notable contrast to the diagnosis-specific representations indicated in the record in *Kappell*.

The court of appeals in *Kappell* was able to conclude that "the record (which includes a hearing before the district court on whether to admit [the interviewer's] testimony) does not show that developing evidence was the primary, or even a major, purpose of [the] interviews . . . nor does the record undermine [the interviewer's] testimony that the purpose of the interviews was diagnostic." 418 F.3d at 557. This Court cannot reach such a conclusion based on the ambiguous record and conclusory assertions here. In fact, the fuller document provided at the May 1, 2015 oral argument indicates (in emergency department notes prepared by another social worker than the one who conducted the interview) that multiple individuals were present at the interview, including at least one law enforcement officer. That second social worker classified the actual interview as one conducted for the "purpose of medical exam," but there is no such statement of purpose from the actual interviewer and the context surrounding the conduct of the interview is largely undisclosed. Moreover, the presence of a law enforcement officer is not *per se* dispositive one way or another in today's inquiry, despite the inference Defendant asks this Court to make. The circumstances involved here may or may not track the problematic interview discussed in *Tapke v. Brunsman*, 565 F. App'x 430, 435–36 (6th Cir. 2014).

In summary, the United States has not yet given this Court sufficient information to enable this Court to make any credible or logical determination as to the primary purpose of the

3

interview.  At best, it appears the interview may have been for mixed purposes of uncertain primacy, with one of those purposes perhaps being diagnosis.  Accordingly, the Court **DENIES** the motion *in limine*.  (ECF No. 58.)  As with all *in limine* decisions, however, this preliminary ruling is subject to modification should the facts or circumstances at trial differ from that which has been presented in the pre-trial motion and memoranda.  At trial, the United States is certainly free to pursue a line of inquiry similar to *Kappell* by presenting evidence outside the presence of the jury to enable this Court to ascertain the primary purpose of the interview and to render an informed decision that might then enable the United States to introduce the evidence involved in front of the jury.

IT IS SO ORDERED.

   /s/   Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE